IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RAMON SIMON,                    )
                                )
        Petitioner,              )
                                )
                                )   CIV-13-563-W
v.                              )
                                )
JUSTIN JONES, Director,         )
                                )
        Respondent.              )

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner[1] appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is challenging on due process grounds the punishment imposed upon him in a disciplinary proceeding conducted at Mack Alford Correctional Center ("MACC"). Respondent has responded to the Petition. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be denied.

I. Background

In an offense report completed by MACC correctional officer Crosby dated March 26,

---

[1] Petitioner is currently confined at Cimarron Correctional Facility, a private prison located in Cushing, Oklahoma.

1

2012, officer Crosby charged that Plaintiff committed the misconduct offense of Possession of Cell Phone based on the following description of the offense:

> Found AT&T cell phone under mop head in Sect[ion] 5 Bathroom on 3-26-12 at Approx[imately] 9:30 p.m. Offender was only one in bathroom.

Petition, att. 1, at 1. As a result of the misconduct charge, Petitioner was transferred to a segregated housing unit. He received a copy of the offense report and requested a hearing. Id. An investigator stated in a "review of evidence" form that the evidence consisted of one black AT & T cell phone with a green top cover piece, and a photograph of the evidence was submitted by the investigator. Id. at 4, 5. Petitioner received notice of this evidence prior to the hearing. Id.

A disciplinary hearing was conducted on the misconduct charge on April 6, 2012, and Petitioner was found guilty of the offense of Individual Disruptive Behavior. Id., att. 1, at 7. As evidence to support the guilty finding, the hearing officer stated that he relied on "Officer Crosby's statement that on 3-26-12 while shaking down the bathroom on Section 5 she found one black AT & T cell phone. Officer Crosby also stated that offender Simon was the only offender in the bathroom and was taking a shower." Id.

Punishment imposed for the misconduct included confinement in the segregated housing unit for 30 days, the loss of 365 earned credits, reduction in classification to level one for 90 days and level one visiting restriction for 180 days. Id. MACC Warden Trammell approved the disciplinary decision, and Petitioner received a copy of the hearing report.

Petitioner administratively appealed the disciplinary decision, asserting that there was

insufficient evidence to support the finding of guilt. Warden Trammell affirmed the disciplinary decision. Id. at 11. Oklahoma Department of Corrections Director's Designee Morton concurred with the decision of the Warden, finding that there was sufficient evidence to support the charge of possession of a cell phone or cell phone paraphernalia. Id. at 12.

Petitioner filed a petition for judicial review of the disciplinary decision in the District Court of Oklahoma County pursuant to Okla. Stat. tit. 57, § 564.1. Id. at 13. Oklahoma County District Judge Prince issued a decision in the case in which he found that

> [i]n this case, the hearing officer clearly had "some evidence" upon which to base his decision, including the following: that an offense report was completed on April 3, 2012, stating that a cell phone had been found under a mop head in the Section 5 bathroom, and that Petitioner was the only person in the bathroom at the time the item was found. Moreover, that fact was not disputed by Petitioner at the disciplinary hearing.

Id. at 13-14. The Oklahoma Court of Criminal Appeals combined Petitioner's appeal of the district court's decision concerning the cell phone possession misconduct with Petitioner's appeal of another misconduct decision involving possession of contraband (marijuana) and affirmed the district court's decision denying his petition for judicial review. Id. at 16-19.

II. Sufficient Evidence to Support Misconduct Decision

As his sole ground for habeas relief, Petitioner contends that there was not sufficient evidence to support the finding that he committed the misconduct of possession of a cell phone given the fact that "there are 50-60 other inmates living in this 'dorm' area" and that at the time of the cell phone's discovery by a prison guard Petitioner was in the shower "in an area that is totally separated from the toilets & sink area" where the cell phone was found.

Petition, at 6. He alleges that because there was no evidence linking him to the cell phone, there was no evidence he had dominion, knowledge, or control over the cell phone sufficient to find him guilty of the misconduct of possession of the phone.

Respondent responds that there was more than sufficient evidence to support the finding of guilt of the misconduct offense.

"'It is well settled that an inmate's liberty interest in his earned credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" Howard v. U.S. Bureau of Prisons, 487 F.3d 808, 811 (10th Cir. 2007)(quoting Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir. 1996)). See Ponte v. Real, 471 U.S. 491, 495 (1985)). However, because prison disciplinary proceedings "are not part of a criminal prosecution," inmates are not entitled to the full extent of the due process rights due to a defendant at a criminal trial. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To satisfy due process in a prison disciplinary proceeding, "the inmate must receive (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to present witnesses and documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 454 (1985).

The revocation of earned credits must also be supported by "some evidence" in the record. Id. "The 'some evidence' standard is not exacting." Mendoza v. Tamez, 451 Fed.Appx. 715, 717 (10th Cir. 2011)(unpublished op.). Rather, there must be only a

4

"modicum of evidence" sufficient to support the disciplinary decision resulting in the loss of earned credits. Id. at 455. "A disciplinary . . . decision can be upheld by a reviewing court even if the evidence supporting the decision is meager." Howard, 487 F.3d at 812 (internal quotations and citation omitted).

In this case, there was "some evidence" sufficient to support the imposition of punishment for the finding of guilt in the disciplinary proceeding. Obviously, the hearing officer found Petitioner guilty based on a constructive possession theory because of Petitioner's physical proximity to the cell phone in the bathroom and the guard's statement that no other inmates were in the immediate area when the cell phone was found.

A theory of constructive possession in the disciplinary context does not require the same evidentiary foundation as would be required in the context of a criminal trial. See id. (finding some evidence to support disciplinary finding of guilt, on constructive possession theory, for possession of drug paraphernalia when contraband was found among inmate's legal papers confiscated during his administrative detention). In this case, because no inmate except Petitioner was present in the bathroom at the time the contraband was found in the bathroom by a prison guard, there was some evidence to support the disciplinary decision. Therefore, Petitioner is not entitled to habeas relief.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DENIED. The parties are advised of their

respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___September 17th___ , 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___28th___ day of ___August___, 2013.

_/s/ Gary M. Purcell_
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE