IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA



RAMON SIMON, )
)
          Petitioner, )
)
vs. ) No. CIV-13-563-W
)
JUSTIN JONES, Director, )
)
          Respondent. )

## ORDER

On August 28, 2013, United States Magistrate Judge Gary M. Purcell issued a Supplemental Report and Recommendation in this matter and recommended that the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Ramon Simon, proceeding pro se, be denied. Simon was advised of his right to object, see Doc. 13 at 5-6, and the matter now comes before the Court on Simon's Objection to Supplemental Report and Recommendation [Doc. 14].

Upon de novo review of the record, the Court concurs with Magistrate Judge Purcell's suggested disposition of this matter.

As his sole ground for habeas relief, Simon has contended that there was insufficient evidence to support the finding that he committed the misconduct of Possession of Cell Phone, see Doc. 1-1, since he had no knowledge of, or dominion or control over, the contraband that was found. A disciplinary hearing was held, see Doc. 11-4, and Simon was found guilty of the offense of Individual Disruptive Behavior. See id.

Punishment imposed for the misconduct included confinement in the segregated housing unit for 30 days, the loss of 365 earned credits, reduction in classification to Level

I for 90 days and Level I visiting restriction for 180 days. See id. Simon unsuccessfully appealed the disciplinary decision administratively, see Docs. 11-6, 11-7, 11-8, and in state court. E.g., Simon v. Department of Corrections, No. CV-2012-1666 (Okla. District Court October 19, 2012); Simon v. The Oklahoma Department of Corrections, No. REC-2012-1041 (Okla. Crim. May 2, 2013).

The revocation of earned credits must be "supported by some evidence in the record," Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454 (1985), to "comport with 'the minimum requirements of procedural due process.'" Id. (quoting Wolff v. McDonnell, 418 U.S. 539, 558 (1974)). That standard has been met in this case. E.g., id. (standard is met if there was some evidence from which conclusion of administrative tribunal could be deduced).

"The 'some evidence' standard is not exacting." Whitmore v. Parker, 424 Fed. Appx. 227, 234 (10th Cir. 2012)(quotation omitted)(cited pursuant to Tenth Cir. R. 32.1). Rather, there must be only "a modicum of evidence to support," Superintendent, 474 U.S. at 455, the disciplinary decision resulting in the loss of earned credits. E.g., Mitchell v. Maynard, 80 F.3d 1433, 1445 (10th Cir.1996)(disciplinary decision will be upheld even if evidence is "meager").

Moreover, "[a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witness, or weighing of the evidence." Superintendent, 472 U.S. at 455.

In this case, there was "some evidence" of guilt; Simon is therefore not entitled to the request he has requested.

2

Accordingly, the Court

(1) ADOPTS the Supplemental Report and Recommendation [Doc. 13] filed on August 28, 2013; and

(2) DENIES Simon's Petition [Doc. 1] file-stamped May 31, 2013.

ENTERED this 12th day of September, 2013.

LEE R. WEST
UNITED STATES DISTRICT JUDGE